UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JACQUELINE GERMAINE GAYDEN,

                                    Plaintiff,

                                                              Case # 15-CV-6668-FPG
v.

                                                              DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

_____

        Jacqueline Germaine Gayden ("Gayden" or "Plaintiff") brings this action pursuant to the

Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner

of Social Security ("the Commissioner") that denied her applications for disability insurance

benefits ("DIB") and disabled widow's benefits under Title II of the Act.  ECF No. 1.  This

Court has jurisdiction over this action under 42 U.S.C. § 405(g).

        Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure.  ECF Nos. 9, 12.  For the reasons stated below, this Court finds

that the Commissioner's decision is not in accordance with the applicable legal standards.

Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this

matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

        On April 6, 2012, Gayden protectively applied for DIB and disabled widow's benefits

with the Social Security Administration ("the SSA").  Tr.[1] 141-47.  She alleged that she had been

disabled since November 1, 2010, due to tears in her right foot tendon and knee meniscus, right

shoulder arthritis, and depression.  Tr. 191.  After her applications were denied at the initial

_____

[1]        References to "Tr." are to the administrative record in this matter.

administrative level, a hearing was held via videoconference before Administrative Law Judge Hortensia Haaversen ("the ALJ") on December 4, 2013, in which the ALJ considered Gayden's application *de novo*.   Tr. 37-73.   Gayden and Deborah Bunduram, a vocational expert ("VE"), both testified at the hearing.   *Id.*   On April 10, 2014, the ALJ issued a decision finding that Gayden was not disabled within the meaning of the Act.   Tr. 10-23.   On September 18, 2015, that decision became the Commissioner's final decision when the Appeals Council denied Gayden's request for review.   Tr. 1-6.   Thereafter, Gayden commenced this action seeking review of the Commissioner's final decision.   ECF No. 1.

## LEGAL STANDARD

### I.      District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."   *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g).   The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.   42 U.S.C. § 405(g).   "Substantial evidence means more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted).   It is not this Court's function to "determine *de novo* whether [the claimant] is disabled."   *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II.     Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  20 C.F.R. § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  20 C.F.R. § 404.1520(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See* 20 C.F.R. § 404.1520(e)-(f).  The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  20 C.F.R. § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  To do so, the Commissioner must present evidence to demonstrate

3

that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.    The ALJ's Decision

The ALJ's decision analyzed Gayden's claim for benefits under the process described above.  At step one, the ALJ found that Gayden had not engaged in substantial gainful activity since the alleged onset date.  Tr. 13.  At step two, the ALJ found that Gayden has the following severe impairments: arthritis and degenerative joint disease of the left knee, asthma, and affective disorder.  Tr. 13.  At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings.  Tr. 13-15.

Next, the ALJ determined that Gayden retained the RFC to perform light work[2] with additional limitations.  Tr. 15-21.  Specifically, the ALJ found that Gayden can lift and carry 20 pounds occasionally and 10 pounds frequently; can sit for six hours and stand or walk for two hours in an eight-hour workday with a medically required cane for ambulation; can occasionally push or pull with both lower extremities, reach with the right upper extremity, climb ramps and stairs, stoop, and kneel; cannot climb ladders, ropes, or scaffolds, crouch, or crawl; must avoid concentrated exposure to dust, fumes, odors, chemical irritants, and poor ventilation; can understand, execute, and remember simple and detailed instructions and work-like procedures,

---

[2]        "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities.  If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. § 404.1567(b).

and use judgment to make work-related decisions; can set goals, plan independently, sustain attention and concentration for two hour intervals, and maintain a normal workday and workweek schedule; can maintain a consistent pace, respond appropriately to supervisors and coworkers, and interact with the public.  Tr. 15.

At step four, the ALJ relied on the VE's testimony and found that this RFC prevents Gayden from performing her past relevant work as a food service helper/cashier and hand packager.  Tr. 21.  At step five, the ALJ relied on the VE's testimony and found that Gayden is capable of making an adjustment to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience.  Tr. 21-22.  Specifically, the VE testified that Gayden could work as a silverware wrapper, ticket seller, and cashier.  Tr. 22.  Accordingly, the ALJ concluded that Gayden was not "disabled" under the Act.  Tr. 23.

## II.    Analysis

Gayden argues that remand is required because the ALJ failed to properly evaluate the medical opinions of Rathin Vora, M.D. ("Dr. Vora") and Bruce Barron, M.D. ("Dr. Barron").[3] ECF No. 10, at 13-15; ECF No. 13, at 1-2.  Specifically, Gayden argues that the ALJ erred when he failed to discuss or weigh either of these opinions.  *Id.*  This Court agrees.

The SSA's regulations require the ALJ to "evaluate every medical opinion [he or she] receives, regardless of its source."  *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997), *aff'd*, 141 F.3d 1152 (2d Cir. 1998); 20 C.F.R. § 404.1527(c).  Unless a treating source's opinion is given controlling weight, the ALJ must consider the following factors when he or she weighs a medical opinion: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the

---

[3]      Gayden advances other arguments that she believes require reversal of the Commissioner's decision.  ECF No. 10, at 15-23.  However, because this Court disposes of this matter based on the ALJ's failure to weigh two medical opinions, those arguments need not be reached.

opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether the opinion was rendered by a specialist in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion.  20 C.F.R. §§ 404.1527(c)(1)-(6).

Gayden saw Dr. Vora 13 times between November 15, 2010 and September 29, 2011. Tr. 484-507.  Each treatment note summarizes the history of Gayden's injury, describes objective findings from the physical evaluation, and provides work-related limitations.  *Id.*  For instance, Dr. Vora repeatedly opined, among other things, that Gayden is limited in walking, can lift no more than five pounds, and should have a job that is "primarily sedentary."  Tr. 484, 487, 489, 491, 495, 497, 503, 505.  Despite these numerous visits and treatment notes, the ALJ failed to discuss or weigh Dr. Vora's opinion in her decision.[4]  Tr. 10-23.

Gayden saw Dr. Barron on June 5, 2012, and July 3, 2012.  Tr. 508-11.  Like Dr. Vora's treatment notes, each of Dr. Barron's notes summarizes the history of Gayden's injury, describes objective findings from the physical evaluation, and provides work-related limitations.  *Id.*  At both appointments, Dr. Barron opined that Gayden required a "primarily sedentary" job, could not lift more than five pounds, could not carry, must limit walking, and be able to use her cane as needed.  Tr. 509, 511.  The ALJ failed to weigh or even mention Dr. Barron's opinion in her decision.  Tr. 10-23.

---

[4]        The ALJ makes a single reference to Dr. Vora's treatment notes in her decision.  Tr. 16 (citing Tr. 498, 500).  Without any analysis, the ALJ merely notes that: "By January 20, 2012, [Gayden] was restricted to jobs that allowed her to sit or stand alternatively, and on March 31, 2011 she was to return to work with no restrictions. However, [she] reported swelling and pain when she returned to her previous position."  *Id.*  The ALJ ignored the work-related limitations that Dr. Vora consistently imposed and instead focused on a single treatment note that said Gayden could return to work without restrictions.  Tr. 498.  This was improper because "[a]lthough the ALJ is not required to reconcile every ambiguity and inconsistency of medical testimony, [s]he cannot pick and choose evidence that supports a particular conclusion.  H[er] failure to acknowledge relevant evidence or to explain its implicit rejection is plain error."  *Smith v. Bowen*, 687 F. Supp. 902, 904 (S.D.N.Y. 1988) (internal quotation marks and citations omitted); *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015) ("'Cherry picking' can indicate a serious misreading of evidence, failure to comply with the requirement that all evidence be taken into account, or both.").

This Court finds that the ALJ erred when she failed to weigh Dr. Vora and Dr. Barron's opinions. The ALJ did not give controlling weight to a treating source's opinion and thus was required to evaluate every medical opinion that she received. *See* 20 C.F.R. § 404.1527(c). Dr. Vora and Dr. Barron both opined that Gayden was subject to more restrictive work-related limitations than those imposed by the ALJ's RFC determination, yet the ALJ's decision provides no explanation for why these opinions were ignored. *See* S.S.R. 96-8p, 1996 WL 374184 (S.S.A. July 2, 1996) ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted."). Accordingly, remand is required.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: November 4, 2016
      Rochester, New York

                                        _____
                                        HON. FRANK P. GERACI, JR.
                                        Chief Judge
                                        United States District Court